FILED'06 NOV 28 07:54USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    05-CR-333-BR

        Plaintiff,                          OPINION AND ORDER

v.

DAVID BACON,

        Defendant.

**KARIN J. IMMERGUT**
United States Attorney
**THOMAS H. EDMONDS**
Assistant United States Attorney
1000 S.W. Third, Suite 600
Portland, OR  97204
(503) 727-1000

        Attorneys for Plaintiff

**JAMES E. LEUENBERGER**
James E. Leuenberger PC
4800 S.W. Meadows Road, Suite 300
P. O. Box 1684
Lake Oswego, OR  97035
(503) 534-3636

        Attorney for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant David Bacon's Motion for New Trial (#68).  For the reasons that follow, the Court **DENIES** Defendant's Motion.


## BACKGROUND

Defendant was charged in a ten-count Superseding Indictment with committing various firearms offenses between March 18, 2005, and August 10, 2005.  At the time of trial, the government proceeded on five counts of the Superseding Indictment:  Counts 1, 3, 4, 5, and 6.

In Counts 1 and 5, the government alleged Defendant, an Oregon resident who does not hold a Federal Firearms License (FFL), "willfully transferred, sold or delivered" various firearms to a resident of the State of Washington in violation of 18 U.S.C. §§ 922(a)(5) and 924(a)(1)(D).  In Counts 3, 4, and 6, the government alleged Defendant knowingly made false statements or representations in connection with certain firearms transactions about information required to be kept in the records of FFL holders in violation of 18 U.S.C. § 924(a)(1)(A).

After a trial, the jury convicted Defendant on all five counts on October 20, 2006,.  On October 26, 2006, Defendant filed a Motion for New Trial on the grounds that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), when it

2 - OPINION AND ORDER

(1) failed to produce pretrial a Starbucks receipt showing the purchase of a coffee and cookie in Milwaukie, Oregon, shortly before 9:00 a.m. on July 24, 2005; (2) failed to produce pretrial the page of Steve Bacon's July 24, 2005, 4473 Form that contained thumb prints; and (3) either failed to trace or to produce the results of the tracing of the Ruger pistol sold to Agent Ziesemer on May 1, 2005. Defendant asserts these alleged *Brady* violations warrant a new trial.

## STANDARDS

To prevail on a *Brady* claim, Defendant must establish "'(1) the evidence was exculpatory or impeaching; (2) it should have been, but was not produced; and (3) the suppressed evidence was material to his guilt or punishment.'" *United States v. Jernigan*, 451 F.3d 1027, 1030 (9th Cir. 2006)(quoting *United States v. Ogles*, 406 F.3d 586, 591 (9th Cir. 2005)).

## DISCUSSION

**I.   Starbucks Receipt**

Defendant contends the government's failure to produce a Starbucks receipt found during a search of the residence of Defendant and Beverly Bacon on September 1, 2005, until the day

after Defendant testified constitutes a violation of *Brady* and
warrants a new trial.  The receipt shows the purchase of coffee
and a cookie at the Milwaukie, Oregon, Starbucks at the time that
the government contended Defendant was in Seaside, Oregon.

The Court notes defense counsel requested the opportunity to
inspect the government's evidence between Defendant's arraignment
and the time of his jury trial.  The Starbucks receipt was seized
during the September 1, 2005, search of Defendant's home and,
therefore, was included in the evidence Defendant sought to
review.  In due course, the government agreed to defense
counsel's request, and counsel inspected the evidence, including
the receipt at issue.  In addition, the government disclosed this
receipt during trial immediately after Agent McNall identified
it, and, therefore, in time for Defendant to offer it as part of
his case-in-chief (which, in fact, occurred).  Defendant concedes
the government ultimately provided him with a copy of the
Starbucks receipt, and defense counsel stipulated to admit the
receipt into evidence at trial accompanied by an explanation that
it was found in the livingroom of Defendant's residence during
the September 1, 2005, search.

Accordingly, based on this record, the Court concludes
Defendant has not established that the manner of the government's

production of the receipt constituted a violation of *Brady* or interfered with Defendant's defense as to the charges brought against him.

## II.   4473 Form Dated July 24, 2005

Defendant suggests the government failed to provide the jury with Steve Bacon's July 24, 2005, 4473 Form that contained thumb prints, and, therefore, the government violated *Brady*.

The government points out, however, that Exhibit 13, which is the July 24, 2005, 4473 Form written out by Defendant for his brother, Steve Bacon, was admitted into evidence by stipulation at the Pretrial Conference and clearly contains thumb prints. Thus, the government argues Defendant's suggestion that the jury did not have a copy of the exhibit with thumb prints is baseless. The Court agrees.

Accordingly, the Court finds Defendant has not established that the government failed to provide the jury with this evidence in violation of *Brady*.

## III. Tracing of the Ruger Sold to Agent Ziesemer on May 1, 2005

Defendant contends the government's failure either to trace the Ruger pistol sold to Agent Ziesmer by Alex Osinski on May 1, 2005, or to provide results of any tracing to the defense constitutes a violation of *Brady*.

In response, the government notes Defendant received discovery relating to the May 1, 2005, transaction in the form of a firearms-trace summary completed by Bernard Tuerler on May 2, 2005.  The trace summary was part of the Bureau of Alcohol, Tobacco, and Firearms's Report #8, which Defendant received at the outset of this case following arraignment.  The government also notes the trace summary specifically indicates the firearm did not trace either to Osinski or to Bacon; the firearm traced to an individual by the name of Robert William James with a purchase date of October 5, 2000; and this aspect of the trace summary was adduced by Defendant during the cross-examination of Special Agent McNall during trial.

Finally, the government argues tracing evidence of this firearm is, in any event, irrelevant and immaterial to the charges against Defendant.

Based on this record, the Court finds Defendant has not established that the government failed to produce tracing evidence to Defendant or that the tracing evidence was exculpatory.  Accordingly, the Court concludes Defendant has not established the government violated *Brady* and, therefore, denies Defendant's Motion for New Trial.

**CONCLUSION**

For these reasons, the Court **DENIES** Defendant's Motion for New Trial (#68).

IT IS SO ORDERED.

DATED this 27th day of November, 2006.


_____

ANNA J. BROWN
United States District Judge


7 - OPINION AND ORDER