IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 05-CR-333-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| DAVID BACON, | |
| Defendant. | |

**KARIN J. IMMERGUT**
United States Attorney
**THOMAS H. EDMONDS**
Assistant United States Attorney
1000 S.W. Third, Suite 600
Portland, OR  97204
(503) 727-1000

              Attorneys for Plaintiff

**JAMES E. LEUENBERGER**
James E. Leuenberger PC
4800 S.W. Meadows Road, Suite 300
P. O. Box 1684
Lake Oswego, OR  97035
(503) 534-3636

              Attorney for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant David Bacon's Motion for Reconsideration (#80) of the Court's November 28, 2006, Opinion and Order denying Defendant's Motion for New Trial.

For the reasons that follow, the Court **GRANTS** Defendant's Motion to the extent the Court has reconsidered the matter, but the Court nonetheless adheres to its conclusion that Defendant has not established grounds for a New Trial.

## BACKGROUND

Defendant was charged in a ten-count Superseding Indictment with committing various firearms offenses between March 18, 2005, and August 10, 2005. At the time of trial, the government proceeded on five of the counts specifically: Counts 1, 3, 4, 5, and 6, and dismissed the remaining claims.

In Counts 1 and 5, the government alleged Defendant, an Oregon resident who does not hold a Federal Firearms License (FFL), "willfully transferred, sold or delivered" various firearms to a resident of the State of Washington in violation of 18 U.S.C. §§ 922(a)(5) and 924(a)(1)(D). In Counts 3, 4, and 6, the government alleged Defendant knowingly made false statements or representations in connection with certain firearms transactions about information required to be kept in the records

of FFL holders in violation of 18 U.S.C. § 924(a)(1)(A).

After a trial, the jury convicted Defendant on all five counts on October 20, 2006. On October 26, 2006, Defendant filed a Motion for New Trial on the grounds that the government allegedly violated *Brady v. Maryland*, 373 U.S. 83 (1963), when it (1) failed to produce pretrial a Starbucks receipt showing the purchase of coffee and a cookie in Milwaukie, Oregon, shortly before 9:00 a.m. on July 24, 2005; (2) failed to produce pretrial the page of Steve Bacon's July 24, 2005, 4473 Form that contained thumb prints; and (3) either failed to trace or to produce the results of the tracing of the Ruger pistol sold to Agent Ziesemer on May 1, 2005. Defendant asserted these alleged *Brady* violations warranted a new trial.

On November 28, 2006, the Court issued an Opinion and Order denying Defendant's Motion for New Trial on the ground that Defendant had not established the government violated *Brady v. Maryland*.

On December 5, 2006, Defendant filed a Motion for Reconsideration of the Court's November 28, 2006, Opinion and Order.

### DISCUSSION

Defendant asks the Court to reconsider its Order denying Defendant's Motion for New Trial on the grounds that:

3 - OPINION AND ORDER

(1) Defendant's conviction was based on the perjured testimony of Scott Carrie, (2) Defendant did not receive a copy of the Starbucks receipt until the day after Defendant testified, and (3) prosecutorial misconduct.

## I.    Testimony of Scott Carrie

In his Motion for New Trial, Plaintiff contended Scott Carrie "lied when he said that David Bacon arrived at the Seaside, Oregon Gun Show before 9:00 a.m. on July 24, 2005, and that he and David Bacon traded two firearms shortly after the show opened at 9:00 a.m."  According to Defendant, the evidence establishes Carrie lied because Defendant and Alex Osinski testified Bacon did not arrive in Seaside until 11:00 and Defendant's cell phone records and the Starbucks receipt support their testimony.

In his Motion for Reconsideration, Defendant asks the court "to decide for itself whether, in light of all the evidence presented at trial, Scott Carrie's perjury caused the jury to convict defendant."  The Court, however, may not substitute its own judgment about the factual premises that underlie the jury's verdict and the Court declines to do so.  *See Oviatt v. Pearce*, 954 F.2d 1470, 1473 (9th Cir. 1992) ( "[A] court may not substitute its judgment for that of the jury.").

In addition, to the extent Defendant bases his Motion to Reconsider on an argument that the jury was misled by perjured

4 - OPINION AND ORDER

testimony, the Court concludes that argument is without foundation.  Here the government presented evidence, apparently credited by the jury, that directly contradicted Defendant and Oskinski's version of events.  Reasonable jurors could conclude from this evidence that Scott Carrie did not lie about the time he and Defendant traded firearms.  Accordingly, the Court declines to grant the Motion for Reconsideration on this ground.

**II.  Starbucks Receipt**

In his Motion for New Trial, Defendant alleged he did not receive a copy of a Starbucks receipt found during a search of the residence of Defendant and Beverly Bacon on September 1, 2005, until the day after Defendant testified.  The Court concluded this was not a sufficient basis to grant the Motion for New Trial because:

> defense counsel requested the opportunity to inspect the government's evidence between Defendant's arraignment and the time of his jury trial.  The Starbucks receipt was seized during the September 1, 2005, search of Defendant's home and, therefore, was included in the evidence Defendant sought to review.  In due course, the government agreed to defense counsel's request, and counsel inspected the evidence, including the receipt at issue.  In addition, the government disclosed this receipt during trial immediately after Agent McNall identified it, and, therefore, in time for Defendant to offer it as part of his case-in-chief (which, in fact, occurred).  [Moreover]. . . defense counsel stipulated to admit the receipt into evidence at trial accompanied by an explanation that it was found in the livingroom of Defendant's residence during the September 1, 2005, search.

5 - OPINION AND ORDER

In his Motion for Reconsideration, however, Defendant contends a copy of the receipt was not included in the discovery the government provided to defense counsel.  Nonetheless, Defendant does not dispute he stipulated to admit the receipt into evidence at trial or that he inspected the receipt before he agreed to its admission at trial.  Accordingly, the Court adheres to its prior decision that the timing of production of the Starbucks receipt is not a basis for a new trial.

**III. Alleged Prosecutorial Misconduct**

Plaintiff contends the government engaged in prosecutorial misconduct when it:  (1) did not give Defendant a copy of the Form 4473 with contained Steve Bacon's fingerprints and (2) in its closing argument, the government asked the jury to speculate about who acquired the Starbucks receipt.

    A.    **Form 4473**

In his Motion for New Trial, Defendant contended the government failed to provide him with the July 24, 2005, 4473 Form that contained Steve Bacon's thumb prints.  The Court noted the Form 4473 with thumb prints was admitted into evidence by stipulation at the Pretrial Conference.  Accordingly, the Court concluded this was not a basis for a new trial.  In his Motion for Reconsideration, Defendant contends he was not provided with a "true copy of the exhibit provided to the jury" because his copy did not contain thumb prints.

6 - OPINION AND ORDER

Again, the Court notes the Form 4473 was admitted into evidence by stipulation at the Pretrial Conference, it was physically present at the Pretrial Conference and during trial, and it contains thumb prints. Even if the government provided Defendant with a copy of the Form 4473 that did not have the fingerprints before the Pretrial Conference, Defendant stipulated to the admission of the Form 4473 that did contain the fingerprints at the Pretrial Conference. The Court concludes, therefore, Defendant has not established prosecutorial misconduct or grounds for new trial as to the Form 4473.

**B.    The Government's Closing Argument**

Plaintiff contends it was "disreputable" for the government to ask the jury to speculate about who had acquired the Starbucks receipt because the government had no reason to imply that anyone other than Defendant had purchased the items at Starbucks. "The prosecutor may argue reasonable inferences from the evidence presented." *Menendez v. Terhune*, 422 F.3d 1012, 1037 (9th Cir. 2005). In this case, there was evidence from which to argue that the receipt was acquired by someone other than Defendant.

Accordingly, the Court concludes, the government's argument about the Starbucks receipt in closing is neither prosecutorial misconduct, nor grounds for a new trial.

7 - OPINION AND ORDER

**CONCLUSION**

For these reasons, the Court **GRANTS** Defendant's Motion for Reconsideration (#80) to the extent the Court has reconsidered the matter, but the Court nonetheless adheres to its November 28, 2006, Opinion and Order in which it concluded Defendant has not established grounds for a new trial.

IT IS SO ORDERED.

DATED this 21st day of December, 2006.

/s/ Anna J. Brown
ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER