FILED'07 JAN 08 17:12 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    05-CR-333-BR

       Plaintiff,                            OPINION AND ORDER

v.

DAVID BACON,

       Defendant.


**KARIN J. IMMERGUT**
United States Attorney
**THOMAS H. EDMONDS**
Assistant United States Attorney
1000 S.W. Third, Suite 600
Portland, OR  97204
(503) 727-1000

       Attorneys for Plaintiff

**JAMES E. LEUENBERGER**
James E. Leuenberger PC
4800 S.W. Meadows Road, Suite 300
P. O. Box 1684
Lake Oswego, OR  97035
(503) 534-3636

       Attorney for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant David Bacon's Motion for Reconsideration of December 21, 2006, Opinion and Order Denying Motion for New Trial (#85).

For the reasons that follow, the Court **GRANTS** Defendant's Motion to the extent the Court has again reconsidered the matter. The Court, nonetheless, adheres to its conclusion in its December 21, 2006, Opinion and Order that Defendant has not established grounds for a new trial.

## BACKGROUND

Defendant was charged in a ten-count Superseding Indictment with committing various firearms offenses between March 18, 2005, and August 10, 2005. At the time of trial, the government proceeded on six of the Counts (5-10, which were renumbered as counts 1-6).

In the new Counts 1, 3, 4, 5, and 6, the government alleged Defendant, an Oregon resident who does not hold a Federal Firearms License (FFL), "willfully transferred, sold or delivered" various firearms to a resident of the State of Washington in violation of 18 U.S.C. §§ 922(a)(5) and 924(a)(1)(D). In the new Count 2, the government alleged Defendant violated 18 U.S.C. § 924(a)(1)(A) by knowingly making false statements or representations in connection with certain

firearms transactions about information required to be kept in the records of FFL holders.

After a trial, the jury convicted Defendant on all six counts on October 20, 2006. On October 26, 2006, Defendant filed a Motion for New Trial on the grounds that the government allegedly violated *Brady v. Maryland*, 373 U.S. 83 (1963), when it (1) failed to produce pretrial a Starbucks receipt showing the purchase of coffee and a cookie in Milwaukie, Oregon, shortly before 9:00 a.m. on July 24, 2005; (2) failed to produce pretrial the page of Steve Bacon's July 24, 2005, 4473 Form that contained thumb prints; and (3) either failed to trace or to produce the results of the tracing of the Ruger pistol sold to Agent Ziesemer on May 1, 2005. Defendant asserted these alleged *Brady* violations warranted a new trial.

On November 28, 2006, the Court issued an Opinion and Order denying Defendant's Motion for New Trial on the ground that Defendant had not established the government violated *Brady v. Maryland*.

On December 5, 2006, Defendant filed a Motion for Reconsideration of the Court's November 28, 2006, Opinion and Order on the following grounds: (1) Defendant's conviction was based on the perjured testimony of Scott Carrie, (2) Defendant did not receive a copy of the Starbucks receipt until the day after Defendant testified, and (3) prosecutorial misconduct.

3 - OPINION AND ORDER

On December 21, 2006, the Court issued an Opinion and Order in which the Court granted Defendant's Motion for Reconsideration of the Court's November 28, 2006, Opinion and Order, but adhered to its conclusion that Defendant had not established grounds for a new trial.

On December 26, 2006, Defendant filed a Motion for Reconsideration of the Court's December 21, 2006, Opinion and Order on the ground that the Court should make its own credibility determination on the question of when Defendant transferred the firearm to Scott Carrie on July 24, 2005.

## DISCUSSION

"A district court's power to grant a motion for a new trial is . . . broad[]." *United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1211 (9th Cir. 1992). When evaluating a Motion for New Trial, "[t]he district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *Id.* (quotation omitted).

> If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

*Id.* at 1211-12 (citation omitted). The decision whether to grant

4 - OPINION AND ORDER

a new trial "is within the sound discretion of the district court." *Id.* at 1212 (citing *United States v. Steel*, 759 F.2d 706, 713 (9th Cir. 1985)).

In his December 5, 2006, Motion for Reconsideration, Defendant asserted his conviction was based on the "perjured testimony" of Scott Carrie and "ask[ed] the Court to decide for itself whether, in light of all the evidence presented at trial, Scott Carrie's perjury caused the jury to convict defendant on the false statement on a BATFE 4473 form count."

In its December 21, 2006, Opinion and Order, the Court specifically concluded:

> to the extent Defendant bases his Motion to Reconsider on an argument that the jury was misled by perjured testimony, the Court concludes that argument is without foundation. Here the government presented evidence, apparently credited by the jury, that directly contradicted Defendant and Osinski's version of events. Reasonable jurors could conclude from this evidence that Scott Carrie did not lie about the time he and Defendant traded firearms.

Moreover, in response to Defendant's request that the Court make a credibility determination as to Scott Carrie's testimony, the Court concludes Carrie testified truthfully. In any event, the Court adheres to its conclusion that reasonable jurors also could conclude from the evidence that Carrie was truthful about the time when he and Defendant traded firearms.

After reviewing the record, the Court is satisfied "the abstract sufficiency of the evidence . . . sustain[s] the

5 - OPINION AND ORDER

verdict" and the evidence on the record does not "preponderate[] sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred."

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion for Reconsideration (#85) to the extent the Court has again reconsidered the matter.  The Court, nonetheless, adheres to both its November 28, 2006, Opinion and Order in which it concluded Defendant has not established grounds for a new trial and to its December 21, 2006, Opinion and Order in which it again adhered to the November 28, 2006, decision.

IT IS SO ORDERED.

DATED this 8th day of January, 2007

_____
ANNA J. BROWN
United States District Judge