IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    05-CR-333-BR

        Plaintiff,                         OPINION AND ORDER

v.

DAVID BACON,

        Defendant.


**KARIN J. IMMERGUT**
United States Attorney
**THOMAS H. EDMONDS**
Assistant United States Attorney
1000 S.W. Third, Suite 600
Portland, OR  97204
(503) 727-1000

        Attorneys for Plaintiff

**JAMES E. LEUENBERGER**
James E. Leuenberger PC
4800 S.W. Meadows Road, Suite 300
P. O. Box 1684
Lake Oswego, OR  97035
(503) 534-3636

        Attorney for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant David Bacon's Motion to Postpone Beginning of Sentence (#110). For the reasons that follow, the Court **DENIES** Defendant's Motion.

## BACKGROUND

Defendant was charged in a ten-count Superseding Indictment with committing various firearms offenses between March 18, 2005, and August 10, 2005. At the time of trial, the government proceeded on six of the Counts (5-10, which were renumbered as counts 1-6).

In the new Counts 1, 3, 4, 5, and 6, the government alleged Defendant, an Oregon resident who does not hold a Federal Firearms License (FFL), "willfully transferred, sold or delivered" various firearms to a resident of the State of Washington in violation of 18 U.S.C. §§ 922(a)(5) and 924(a)(1)(D). In the new Count 2, the government alleged Defendant violated 18 U.S.C. § 924(a)(1)(A) by knowingly making false statements or representations in connection with certain firearms transactions about information required to be kept in the records of FFL holders.

After a trial, the jury convicted Defendant on all six counts on October 20, 2006. On October 26, 2006, Defendant filed a Motion for New Trial on the grounds that the government

2 - OPINION AND ORDER

allegedly violated *Brady v. Maryland*, 373 U.S. 83 (1963), when it (1) failed to produce pretrial a Starbucks receipt showing the purchase of coffee and a cookie in Milwaukie, Oregon, shortly before 9:00 a.m. on July 24, 2005; (2) failed to produce pretrial the page of Steve Bacon's July 24, 2005, 4473 Form that contained thumb prints; and (3) either failed to trace or to produce the results of the tracing of the Ruger pistol sold to Agent Ziesemer on May 1, 2005.  Defendant asserted these alleged *Brady* violations warranted a new trial.

On November 28, 2006, the Court issued an Opinion and Order denying Defendant's Motion for New Trial on the ground that Defendant had not established the government violated *Brady v. Maryland*.

On December 5, 2006, Defendant filed a Motion for Reconsideration of the Court's November 28, 2006, Opinion and Order on the following grounds:  (1) Defendant's conviction was based on the perjured testimony of Scott Carrie, (2) Defendant did not receive a copy of the Starbucks receipt until the day after Defendant testified, and (3) prosecutorial misconduct.

On December 21, 2006, the Court issued an Opinion and Order in which the Court granted Defendant's Motion for Reconsideration of the Court's November 28, 2006, Opinion and Order, but adhered to its conclusion that Defendant had not established grounds for a new trial.

3 - OPINION AND ORDER

On December 26, 2006, Defendant filed a Motion for Reconsideration of the Court's December 21, 2006, Opinion and Order on the ground that the Court should make its own credibility determination on the question of when Defendant transferred the firearm to Scott Carrie on July 24, 2005.

On January 8, 2007, the Court issued an Opinion and Order in which it granted Defendant's Motion for Reconsideration, but adhered to both its November 28, 2006, Opinion and Order in which it concluded Defendant had not established grounds for a new trial and to its December 21, 2006, Opinion and Order in which it again adhered to the November 28, 2006, decision.

On January 9, 2007, the Court held a sentencing hearing. Shortly before the hearing, Defendant submitted a Motion for Arrest of Judgment on the ground that the Court does not have jurisdiction because the statutes under which Defendant was convicted are unconstitutional.  Specifically, Defendant contended 18 U.S.C. §§ 922(a)(5), 924(a)(1)(D), and 924(a)(1)(A) impermissibly infringe the State of Washington's right to regulate the possession and use of firearms in violation of the Second, Ninth, and Tenth Amendments and the Export Clause of the United States Constitution.

On February 15, 2007, the Court issued an Opinion and Order denying Defendant's Motion for Arrest of Judgment.  The Court found the statutes under which Defendant was convicted are not

4 - OPINION AND ORDER

unconstitutional, and, therefore, this Court had jurisdiction.

On February 16, 2007, the Court sentenced Bacon to a term of imprisonment of 15 months on each of the five counts of the Indictment to run concurrently followed by three years of supervised release. The Court also ordered Defendant to surrender to the custody of the United States Marshal on April 30, 2007, to begin serving his sentence.

On February 28, 2007, Defendant filed a Notice of Appeal and a Motion for Extension of Time to File Notice of Appeal. On March 1, 2007, the Court, in the exercise of its discretion, granted Defendant's Motion notwithstanding the fact that Defendant filed his Notice of Appeal late and did not demonstrate excusable neglect.

On March 31, 2007, Defendant filed a Motion for Release Pending Appeal. The Court denied Defendant's Motion on April 13, 2007.

On April 19, 2007, Defendant filed the pending Motion to Postpone Beginning of Sentence.

## DISCUSSION

Defendant seeks an order postponing the beginning of his prison sentence to June 25, 2007, on the grounds that (1) he would like to assist his attorney in preparing his appeal and (2) he was injured in a motor-vehicle collision on January 28, 2007,

and is undergoing chiropractic treatment for his injuries, which his chiropractor estimates will be completed by May 30, 2007.

Defendant has retained counsel competent to handle his appeal. Moreover, the Bureau of Prisons allows inmates to meet with their lawyers, to keep information related to their cases while in prison, and to access law libraries and legal materials. Defendant, therefore, may adequately assist counsel with his appeal while incarcerated.

Defendant also has not established that he is currently incapacitated to such a degree that he could not begin serving his sentence. In any event, the Bureau of Prisons provides medical care to inmates as needed.

In summary, the Court concludes Defendant may adequately assist counsel with his appeal and receive appropriate medical care while incarcerated. Accordingly, the Court denies Plaintiff's Motion to Postpone Beginning of Sentence.

## CONCLUSION

For these reasons, the Court **DENIES** Motion to Postpone

Beginning of Sentence (#110).

IT IS SO ORDERED.

DATED this 26th day of April, 2007.

_____
ANNA J. BROWN
United States District Judge

7 - OPINION AND ORDER